Estate of Nathalie Meltzer, Deceased, Louis A. Zuckerman and David M. Osnos, Co-executors v. Commissioner.
Estate of Meltzer v. Commissioner
Docket No. 2838-68.
United States Tax Court
T.C. Memo 1970-62; 1970 Tax Ct. Memo LEXIS 298; 29 T.C.M. (CCH) 265; T.C.M. (RIA) 70062; March 12, 1970, filed. *298 John J. Yurow, 1100 Federal Bar Bldg., 1815 H St., N.W., Washington, D.C., for the petitioner. L. Buck Fowler, for the respondent. KERN Memorandum Opinion KERN, Judge: Respondent determined a gross deficiency in federal estate taxes in the amount of $495,800.87. Several issues have been settled as a result of concessions made by the parties. The only question remaining for our decision concerns respondent's determination that the "values for life insurance policies owned by decedent on the life of her husband * * * are based upon the actual proceeds of these policies." The values which had been placed upon the policies in the estate tax return were the interpolated terminal reserve values thereof plus any unearned premiums as of the date of death. The deaths of decedent and her husband were simultaneous resulting from the same accident. By amendment to the petition, it is alleged as an alternative to the valueation of the policies based on interpolated terminal reserve values that the value of such policies was zero. This case was submitted on a complete stipulation of facts pursuant to Rule 30. The stipulation and the exhibits attached thereto are incorporated herein *299 by this reference and are adopted as our Findings of Fact. A summary of the pertinent facts is set forth below. The petitioner in this case is the Estate of Nathalie Meltzer, Deceased. Louis A. Zuckerman and David M. Osnos are the duly qualified co-Executors of the Estate. A federal estate tax return for the Estate 266 of Nathalie Meltzer, Deceased, was filed with the district director of internal revenue, Baltimore, Maryland, on May 24, 1965. Louis G. Meltzer and Nathalie Meltzer were husband and wife residing in Washington, D.C. prior to their deaths. On February 25, 1964 they died in a crash of a commercial airliner near New Orleans, Louisiana, in which all of the passengers aboard the plane were killed. It cannot be established that the deaths of Louis and Nathalie Meltzer occurred other than simultaneously. At the time of her death Nathalie Meltzer, who was then 44 years old, was the absolute owner of all rights in three policies of insurance on her husband's life. The following schedule sets forth, with respect to each policy, the name of the issuing company, policy number, the date of issuance, the face amount of the policy and the interpolated terminal reserve value *300 and unearned premium at the time of death: Name of Company: Mass. Mutual Life Insurance Co.
Mass. Mutual Life Insurance Co.
Sun Life Assurance Co. of Canada
Policy Number: 2 341 182
2 460 280
5 132 190
Date of Issuance: Sept. 27, 1954
Aug. 2, 1956
Sept. 14, 1960
Face Amount: $210,000.00
$22,000.00
$100,000.00
Interpolated
Trmnl. Res. Value: $6,414.80
$3,401.64
$7,759.00
Unearned Premium: $1,307.98
$304.94
None
On the date of Nathalie Meltzer's death there were further premium payments to be made under each of the policies. Each of the insurance policies named Nathalie Meltzer as beneficiary if she survived the insured. Massachusetts Mutual Insurance Co. Policy No. 2 341 182 provided for the payment of the proceeds thereof to the Estate of Nathalie Meltzer if she failed to survive the insured. Massachusetts Mutual Life Policy No. 2 460 280 and the Sun Life Assurance Co. policy provided for the payment of the proceeds thereof to the children of Louis and Nathalie Meltzer if Nathalie Meltzer failed to survive the insured. Upon the deaths of Louis and Nathalie Meltzer the proceeds of Massachusetts Mutual Life Insurance Co. Policy *301 No. 2 341 182 were paid by the insurer to the Estate of Nathalie Meltzer, as secondary beneficiary under the policy, and the proceeds of Massachusetts Mutual Life Insurance Policy No. 2 460 280 and Sun Life Assurance Co. of Canada Policy No. 5 132 190 were paid by the respective insurers to the guardians of Dale C. Meltzer and Gary S. Meltzer, children of Louis and Nathalie Meltzer, as secondary beneficiaries under the policies. The question involved in this case, i. e. the proper valuation for estate tax purposes of the interests of a decedent in insurance policies covering the life of the decedent's spouse when the deaths of decedent and the insured spouse occur simultaneously as a result of the same accident, is the same question which was recently considered by this Court in , on appeal (C.A. 9). See also , on appeal (C.A. 5). In those cases it was held under identical circumstances that the proper value was an amount equal to the entire proceeds payable under the terms of the policies. This question was also considered in one of the issues decided in *302 (W.D., Mich., 1968) on appeal (C.A. 6). In the last cited case the district court reached a result different from that reached by us in the Chown and Wien cases and concluded that the proper amount was zero. We have closely read the opinion of the district court in the Old Kent Bank and Trust Company case and have carefully considered the arguments advanced by able counsel for the petitioner. However, we remain unconvinced that our opinions in the Chown and Wien cases should be over-ruled. On the authority of those cases we decide the issue before us in favor of respondent. Decision will be entered under Rule 50. 267